UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA LINGEBACH,

    Plaintiff,

v.                                                         Case No. 3:18-cv-1215-J-32JRK

THE JACKSONVILLE SHERIFF'S
OFFICE, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Joshua Lingebach, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint). He also filed a request to proceed as a pauper (Doc. 2). Plaintiff names as Defendants the Jacksonville Sheriff's Office and Sheriff John Rutherford. See Doc. 1.

Plaintiff is requesting that the Court order the Jacksonville Sherriff's Office to release the "Be-On-[The]-Lookout" descriptions that ultimately led to his December 11, 2006, arrest and resulting 2007 conviction for robbery with a gun or deadly weapon. Doc. 1 at 5-8. According to Plaintiff, the withholding of this information undermined his criminal trial and prevented him from adequately challenging his

search and seizure.[1] He states that he brings the action for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, and requests monetary damages.

Insofar as Plaintiff challenges the constitutionality of his underlying conviction or the duration of his confinement and/or seeks a release from incarceration, those claims should be raised in a habeas corpus petition. Additionally, liberally construing Plaintiff's allegations, it appears that Plaintiff's claims are barred by Florida's four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); see Ealy v. GEO Grp., Inc., 667 F. App'x 739, 740 (11th Cir. 2016) ("This Court has on several occasions applied the four-year residual limitations period under Florida's personal injury statute, Florida Statutes §

---

[1] Plaintiff is currently serving a life sentence of incarceration for a 2007 state court (Duval County, Florida) conviction. See Fla. Dept. of Corr., Corr. Offender Network website, www.dc.stat.fl.us/offenderSearch (last visited on Oct. 22, 2018). Plaintiff filed a § 2254 federal habeas petition raising a similar claim, which the Court denied on December 15, 2017. See Lingebach v. Sec'y Dept. of Corr., No. 3:15-cv-1381-39PDB (M.D. Fla. Dec. 15, 2017) (Order) (Doc. 22).

95.11(3)(p), to 42 U.S.C. § 1983 claims."); Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011) (recognizing that a § 1983 claim is subject to Florida's four-year personal injury statute of limitations); City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." (citations omitted)). Plaintiff was arrested in December 2006, and he was convicted in 2007. He filed this case more than eleven years later. His § 1983 claims are untimely.

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Joshua Lingebach, #J18357